UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:18-CV-00172-JHM-HBB

ORLANDO CORTEZ ROBINSON, Jr.                                   PLAINTIFF

VS.

BUTLER COUNTY, KENTUCKY et al                                  DEFENDANT

MEMORANDUM OPINION
AND ORDER

Before the Court are two motions by Plaintiff Orlando Cortez Robinson, Jr.  The first motion is to amend the scheduling order to extend the time for discovery and other deadlines (DN 35).  The second motion is to file an amended complaint (DN 37).  The Defendants have filed a response to the motion to amend the scheduling order (DN 38).  However, the Defendants have not directly responded to the motion to file an amended complaint, but they tangentially objected in DN 38, 39, and 40.  Robinson has filed no replies.  These motions are ripe for determination.[1]

NATURE OF THE CASE

Robinson filed this action on November 13, 2018, related to a period of time where he was an inmate at the Daviess County Jail beginning July 5, 2017 until July 11, 2017 when he was transferred to the Butler County Jail, where he remained until mid to late October 2017 (DN 1 PageID 6).  From there, Robinson was transferred to Meade County Detention Center until his release on November 15, 2017 (Id.).  His complaint alleges that jails and medical personnel serving the jails failed to note that his health was deteriorating as a result of a "thyroid storm" and failed

---

[1]  This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) for rulings on all non-dispositive motions and for appropriate hearings, if necessary (DN 25).

to heed his complaints and requests for medical treatment, causing lasting harm to his physical condition (Id.).  He named Butler County and Butler County Jailor Rocky W. Tyree, Davies County and Daviess County Jailer Arthur F. Maglinger as defendants to the complaint (Id. at PageID 1-2).  He also named Southern Health Partners, Inc. as the contract provider of jail medical services (Id. at PageID 2).  The complaint also named several "unknown" employees of the counties and Southern Health Partners (Id.).  His causes of action included violation of his rights under the Eight, Tenth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983, common-law negligence, and the common-law tort of outrage (Id. at PageID 10-12).

As the case progressed, the roster of defendants was pared.  Southern Health Partners moved for dismissal (DN 7).  Robinson did not oppose the motion (DN 9), and the motion was granted (DN 10).  Robinson subsequently moved for dismissal of the "unknown" Southern Health Partner employees (DN 21), which the Court granted (DN 22).  More recently, Robinson has filed a motion requesting dismissal without prejudice of his claims against Daviess County and Daviess County Jailer Maglinger, as well as any "unknown" employees of Daviess County (DN 36).  The motion also requests dismissal without prejudice of Advanced Healthcare, Inc., Jane Isbill, and any "unknown" employees of Advanced Healthcare, Inc. (Id.), but the undersigned is unable to find that any of these have ever been named as defendants in the action.

## MOTION FOR LEAVE TO AMEND THE COMPLAINT

Robinson seeks leave to amend his complaint[2] to restate his claims against Defendants Butler County and Butler County Jailer Rocky W. Tyree (DN 37-2).  The amendment would add

---

2   Robinson's motion requests leave to amend his "original and as amended" complaints in this action (DN 37 PageID 218).  However, the record does not reflect that the original complaint was ever amended.

two new defendants: Doris Tyree and Donna Embry, individually and in their official capacities, whom Robinson contends were nurses employed by the Butler County Jail (Id.).

      1.   Timeliness of Robinson's Motion to Amend the Complaint

The original scheduling order was entered on August 13, 2019 and provided a deadline for amending pleadings and joining parties by November 15, 2019 (DN 18).  While the deadlines for discovery and filing dispositive motions were later extended by agreement of the parties (DN 27), the deadline for amending pleadings and joining parties was never extended.  Robinson filed his motion to amend his complaint and join new parties on November 18, 2020, slightly over a year after the deadline expired (DN 37).

Once the scheduling order's deadline passes, a party "must first show good cause under Rule 16(b) for failure to earlier seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)."  *See* Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003); Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002); McLean v. Alere, Inc., No. 3:12-CV-566-DJH, 2015 WL 1638341, at *1 (W.D. Ky. April 13, 2015).  "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."  Inge, 281 F.3d at 625 (citations omitted).  The evaluation of Rule 16's "good cause is not co-extensive with an inquiry into the propriety of the amendment under . . . Rule 15."  Woodcock v. Kentucky Dept. of Corr., No. 5:12-CV-00135-GNS-LLK, 2016 WL 3676768, at *2 (W.D. Ky. July 6, 2016) (quoting Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995)); *see also* Hutson, Inc. v. Windsor, No. 5:12-CV-GNS-LLK, 2015 U.S. Dist. LEXIS 131033, at *3 (W.D. Ky. Sept. 29, 2015).  This "good cause" standard "primarily considers the diligence of the party seeking the amendment.  In other words, in order to demonstrate 'good

cause' a party must show that *despite their diligence the time table could not reasonably have been met.*" Woodcock, 2016 WL 3676768, at *2 (emphasis added).

Robinson's motion to amend the complaint gives no explanation for why it was filed a year late (DN 37).  Cross-referencing Robinson's related motion to extend the time for discovery (DN 35) provides some insight.  Robinson states that the Defendants provided over 500 pages of discovery information which "required an extensive, time-consuming review" by Robinson's counsel in order to fully plumb the facts in the case (Id. at PageID 206).  He states it was only then that Robinson "was able to accurately identify those medical and correctional entities and individuals with whom he interacted" (Id.).  These medical records, however, were produced to Robinson on July 17, 2020 (Id.), 8 months *after* the deadline for amending pleadings and joining parties had already expired.  Robinson gives no explanation for why he could not have obtained the documents and identified the individuals or entities *before* the deadline expired or shown that despite his diligence the timetable could not reasonably have been met.  Having failed to demonstrate good cause, Robinson's motion is barred by the scheduling order.

2.  Whether Amendment Would be Futile.

Under FED. R. CIV. P. 15(a)(2), leave to amend a complaint shall be freely granted when justice so requires.  In light of this liberal view, "[a] motion to amend a complaint should be denied if the amendment is sought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010).  According to Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000), "[a] proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

556 U.S. 662, 677 (2009) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Further, a district court must "(1) view the complaint in the light most favorable to the plaintiff and (2) take all well pleaded factual allegations as true."  Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009).

The Defendants assert that the amendment of the complaint would be futile because the claims against the new Defendants are barred by statute of limitation (DN 38 PageID 235).  Where the allegations in a complaint affirmatively show that the claim is time barred, dismissal under Rule 12(b)(6) is appropriate.  Cataldo v. U.S. Steel Corp., 676 F.3d 542, 547 (6th Cir. 2012).  To determine if the complaint is time-barred, and therefore a futility, this Court must resolve the questions of whether the amended complaint relates-back to the date of the original complaint under Rule 15(c) or whether the amended complaint is otherwise filed within the applicable statute of limitation.

The proposed amended complaint asserts claims for violation of constitutional rights actionable under 42 U.S.C. § 1983 and common-law negligence (DN 37-2 PageID 229-31).  Robinson's injuries are alleged to have resulted from wrongful conduct while he was incarcerated at the Butler County Jail between July 11, 2017 to "approximately mid- to late October of 2017" (Id. at PageID 225).  Robinson's claims might be read to include a later date of November 14 or 15, 2017, when he was transported "by Butler County Detention officials" from the Meade County Detention Center to a hearing in Butler County (Id. at PageID 228).  "The statute of limitations begins to run when a plaintiff knows or has reason to know of the injury which is the basis of his action."  American Premier Underwriters, Inc. v. Nat'l Railroad Passenger Corp., 839 F.3d 458,

461 (6th Cir. 2016) (internal citations and quotations omitted).  "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence."  Id. Courts determine the accrual date of a claim by asking "what event should have alerted the typical lay person to protect his or her rights."  Id.  Robinson's tendered amended complaint alleges that he was not experiencing any physical or emotional distress upon his arrival at Butler County Jail, but "despite his multiple and repeated requests for medical evaluation and treatment to Butler County Jail officials and medical personnel, the Plaintiff's deteriorating physical condition was not adequately or competently evaluated or treated by corrections and medical personnel during the period of incarceration in the facility" (DN 37-2 PageID 226-27).  Consequently, Robinson should have been alerted to the Defendants' alleged wrongful conduct at the time he was released from custody, and no later than November 15, 2017 when "he was diagnosed with a serious, potentially life-threatening ailment requiring substantial medical treatment" (Id. at PageID 228).

Turning to Robinson's claims under 42 U.S.C. § 1983, Congress has never legislated a statute of limitations period for § 1983 claims.  Therefore, in § 1983 actions, courts apply the relevant state statute of limitations to determine whether the claim is timely filed.  Owens v. Okure, 488 U.S. 235, 251 (1989).  The applicable statute of limitation for § 1983 actions in Kentucky is the one-year statute of limitations found in Kentucky Revised Statutes (KRS) § 413.140(1)(a). Collard v. Kentucky Board of Nursing, 896 F.2d 179, 182 (6th Cir.1990).  Robinson's claims for common-law negligence is also governed by KRS § 413.140.  Robinson filed his motion to amend his complaint to add the two new defendants on November 18, 2020[3] (DN 37), a few days more than two years after the statute of limitation expired.

---

3    For purposes of determining if a motion to amend a complaint is filed within the applicable statute of limitation, it is the filing of the motion to amend and not the resulting order that determines the date.  "If a motion to amend is granted, the complaint is deemed amended as of the date the proponent of the amendment sought leave to amend, and not when the request is actually granted."  Shillman v. United States, NO. 99-3215, 2000 U.S. App.

Robinson anticipates this obstacle to his motion, noting that the Court may "authorize the amendment of pleadings to relate back to the time of filing the preceding Complaint, and to otherwise conform to the available evidence when the amendment sought alleges or arises from the same conduct alleged in the preceding (original) Complaint" (Id. at PageID 219).   He thus relies on FED. R. CIV. P. 15(c)(B) (Id.).   Review of the proposed amended Complaint demonstrates that the claims do arise from the same conduct alleged in the original complaint, and thus the claims asserted against Defendants Doris Tyree and Donna Embry in their official capacities might relate back, because Ohio County is already a defendant and "a suit against a governmental officer in his official capacity is the same as a suit against [the] entity of which [the] officer is an agent." McMillian v. Monroe County, Ala., 520 U.S. 781, 758 (1997).

However, relation back would not apply to naming Doris Tyree and Donna Embry in their individual capacities.   "Rule 15(c)(1)(B) allows relation back of an amendment asserting a 'claim or defense,' but it does not authorize the relation back of an amendment adding a new *party*." Asher v. Unarco Material Handling, Inc., 596 F.3d 313, 318 (6th Cir. 2010) (emphasis in original).

Here, Doris Tyree and Donna Embry in their personal capacities are clearly new parties. *Compare* (DN 1) *with* (DN 37-2).   Plaintiff does not contend that there was some mistake regarding the identities of the new defendants.   To the contrary, Plaintiff asserts that he gained knowledge of their identities from Defendant Butler County's responses to formal discovery requests (DN 37). The Sixth Circuit has indicated a plaintiff's lack of knowledge about a defendant's identity "does not constitute a 'mistake concerning the party's identity' within the meaning of Rule

---

LEXIS 15800 at *17 (6th Cir. June 29, 2000); *see also* Shirk v. Fifth Third Bancorp, No. 05-cv-049, 2008 U.S. Dist. LEXIS 108089, *54 (S.D. Ohio Sept. 26, 2008) (Party has no control over when a court renders a decision, so properly filed motion to amend a complaint tolls the statute of limitation even though technically the amended complaint will not be filed until the court rules on the motion.); United States v. Katz, 494 F. Supp. 2d 641, 644 (S.D. Ohio 2006) ("Federal courts have uniformly held that a claim set forth in an amended pleading is timely under the applicable statute of limitations if the motion for leave to amend was filed before the statute of limitations had run.").

15(c)(1)(C)(ii)." <u>Moore v. Tennessee</u>, 267 Fed. Appx. 450, 455 (6th Cir. 2008). Stated differently, relation back is permitted under current Sixth Circuit law when a plaintiff seeks to correct a misnomer or effect the substitution of defendants but not when a plaintiff attempts to name an additional defendant whose identity is discovered after the statute of limitation expired. <u>Hiler v. Extendicare Health Network</u>, No. 5:11-CV-192-REW, 2013 U.S. Dist. LEXIS 26548, at *11-12 (E.D. Ky. Feb. 26, 2013); *see also* <u>Ham v. Sterling Emergency Servs. Of the Midwest, Inc.</u>, 575 Fed. Appx. 610, 615-17 (6th Cir. 2014) (While the Rule permits the correction of misnomers, it does not permit the addition of new parties after the expiration of the statute of limitation.); <u>Brown v. Cuyahoga Co., Oh.</u>, 517 Fed. Appx. 431, 434 (6th Cir. 2013) (Opting not to find out whom to sue within the limitation period or simply not knowing whom to sue does not constitute a "mistake" for purposes of relation back.); <u>Medley v. Shelby Co., Ky.</u>,  No. 13-cv-35-GVT, 2015 U.S. Dist. LEXIS 56509, at *8 (E.D. Ky. Apr. 30, 2015) (Plaintiff did not make a "mistake" about which defendant to sue when he simply did not know whom to sue or opted not to find out within the limitation period.); <u>Jadco Enterprises, Inc. v. Fannon</u>, No. 6:12-225-DCR, 2013 U.S. Dist. LEXIS 162717, at *14 (E.D. Ky. Nov. 15, 2013) ("Rule 15(c) does not allow a relation back when a plaintiff learns more about a case through discovery then attempts to broaden liability to attach new parties in addition to ones already before the court.").

Robinson did name "Jane/John Doe, individually and in his or her official capacity as Nurse at the Butler County Jail" as a defendant in his original Complaint (DN 1), but this was ineffective to prop the door open for naming additional parties after the statute of limitation expired. "Place-holder" party designations such as "John Doe" or "Unknown" do not serve to avoid the requirement of naming a specific party to the action prior to the expiration of the statute of limitation.  "[Rule 15(c)] allows relation back for the mistaken identification of defendants, not for

8

defendants to be named later through 'John Doe,' 'Unknown Defendants' or other missing appellations." Smith v. City of Akron, 476 Fed. Appx. 67, 69 (6th Cir. 2012).

Consequently, the undersigned concludes that Robinson's motion to amend the Complaint should be denied for the dual reasons that the motion was not timely filed in conformance with the case scheduling order, and the proposed amendment naming as Defendants Doris Tyree and Donna Embry in their personal capacities would be futile, as the claims against them are barred by statute of limitation.

## MOTION TO EXTEND DISCOVERY DEADLINE

The first scheduling order was entered on August 13, 2019 and provided a pretrial fact discovery deadline of June 5, 2020 (DN 18).  On June 2, 2020, the parties jointly moved to extend the deadline (DN 26), and the Court granted the motion, entering an order re-setting the discovery deadline to October 1, 2020 (DN 27).  Robinson filed the subject motion to further extend the discovery deadline on November 18, 2020 (DN 35), after the deadline had expired.  He explains that he did not move to extend the deadline before it expired because his counsel needed to complete the review of discovery material produced several months earlier in July in order to determine how much time might be required and which defendants were necessary to a final resolution of the case (Id. at PageID 210).  He seeks to extend several deadlines in the case, including the deadlines for fact discovery and expert disclosures which have already expired (Id.). He proposes a new date for his expert disclosure as January 1, 2021 (Id.), which is 10 months after the original expired deadline, and discovery to be completed by April 1, 2021 (Id.), which is 6 months after the most current expired deadline.

FED. R. CIV. P. 16(b)(4) provides that a schedule "may be modified only for good cause and with the judge's consent."  "The primary measure of [Civil] Rule 16's 'good cause' standard

is the moving party's diligence in attempting to meet the case management order's requirements, though courts may also consider prejudice to the nonmoving party." Smith v. Holston Med. Grp., P.C., 595 Fed. Appx. 474, 478 (6th Cir. 2014) (*quoting* Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002)) (quotations omitted).   Where amendment of a scheduling order is to allow additional time for discovery, the Court considers a number of factors.   These include (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below [*i.e.* the outcome at the trial court]; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests.   Dowling v. Cleveland Clinic Found., 593 F.3d 472, 478 (6th Cir. 2010).

Here, Robinson has been aware of the identities of Doris Tyree and Donna Embry since August 15, 2019, as they were included in the Defendants' initial disclosures of persons with relevant knowledge of their "personal observations and interactions with Mr. Robinson during the time that he was an inmate at the Butler County Detention Center" (DN 19 PageID 170).   Robinson had a year and two months to pursue discovery, which included an extension of the deadline to which the parties jointly requested (DN 27).   He does not complain that Defendants were not responsive to his discovery requests and, to the contrary, describes the relationship between the parties as cooperative (DN 35 PageID 207).   It does not appear that Robinson has been diligent in pursuing discovery in the case.   For this reason, he has not demonstrated good cause for amendment of the scheduling order.   As the motion to amend the complaint has been denied, it appears the motion to amend the scheduling order has been rendered moot.   Robinson's motion states that he "seeks a relatively modest modification of the extension order to allow time for focused discovery on two (2) principal defendants: Mrs. Doris Tyree and Ms. Donna Embry" (Id. at PageID 209).   Doris Tyree and Donna Embry are not principal defendants.

CONCLUSION

**WHEREFORE**, Plaintiff's motion to amend the complaint (DN 37) and motion to modify the scheduling order (DN 35) are **DENIED**.

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

December 16, 2020

Copies:         Counsel of Record

11