UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:18CV-00172-JHM

ORLANDO CORTEZ ROBINSON, JR.　　　　　　　　　　　　　　　　PLAINTIFF

V.

BUTLER COUNTY, KENTUCKY, ET AL.　　　　　　　　　　　　　　DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion for summary judgment by Defendants, Butler County, Kentucky; Rocky W. Tyree, Individually and in his capacity as Butler County Jailer; and Jane/John Doe County Defendants. [DN 44]. Fully briefed, this matter is ripe for decision.

## I. BACKGROUND

Plaintiff, Orlando Cortez Robinson, Jr., filed suit on November 13, 2018, against Defendants, Butler County, Kentucky; Rocky W. Tyree, Individually and in his capacity as Butler County Jailer; Daviess County, Kentucky; Arthur F. Maglinger, Individually and in his capacity as Jailer of the Daviess County Detention Center; Southern Health Partners, Inc. ("SHP"); and John/Jane Doe Defendants. In his complaint, Robinson alleges that while he was incarcerated in the Butler County Detention Center and the Daviess County Detention Center from July 5, 2017, until November 15, 2017, he became ill and was not adequately or competently evaluated or treated by corrections or medical staff. As a result, Robinson maintains that he suffered thyroid problems that upon his release required hospitalization. [Complaint at ¶¶ 12, 15]. Robinson asserts that the medical screening and treatment he received during that period were negligent, grossly negligent, and deliberately indifferent resulting in violations of his civil rights pursuant to 42 U.S.C. § 1983. [*Id*. at ¶¶ 12, 13]. Claims against Daviess County, Jailer Maglinger, SHPS, and their respective

John/Jane Doe Defendants were dismissed by Orders dated February 12, 2019, and December 15, 2020. The only remaining claims are against Butler County, Jailer Tyree, and Butler County John/Jane Doe Defendants.

For purposes of this motion, three separate periods of Robinson's incarceration are relevant to the claims against Butler County. Robinson was initially booked into Butler County Detention Center on July 10, 2017. He remained in Butler County Detention Center until July 11, 2017. He was next booked into the Butler County Detention Center on July 18, 2017 and remained at Butler County until he was transferred to Meade County Detention Center on October 11, 2017.

During his second incarceration at the Butler County Detention Center, on September 17, 2017, Robinson filed a medical request slip to have his eyes checked for glasses. The request form stated that he needed his "eyes checked for glasses and I need an ibu[sic] for a serious headache." [DN 44-2 at 16]. He indicated that he had this problem about two weeks and saw a doctor for this issue about 10 years ago. [*Id*.]. Robinson saw Nurse Tyree on September 19, 2017. In her medical notes, she indicated that Robinson's right eye lid was swollen without drainage. She prescribed Tylenol for the headache and eye drops for his eyes, along with instructions to place a cold compress on the eye four times a day. [DN 44-2]. According to Defendants, no other written medical requests were submitted by Robinson. Despite the lack of written medical requests, Robinson avers that during his incarceration, he complained to jail personnel about the physical symptoms he was experiencing including his inability to see, to feed, to dress himself, to lift his arms, to eat, and to hold his head up. Additionally, Robinson states that he made multiple requests for evaluation prior to his transfer to Meade County Detention Center in October. [DN 50-8, Robinson Aff. at ¶¶5-6].

As noted above, Robinson was not an inmate at the Butler County Detention Center

between October 12, 2017, and November 12, 2017. On November 13, 2017, Robinson was transported from the Meade County Detention Center by the Butler County's Sheriff's Office for a court appearance in Butler Circuit Court on November 14, 2017. He was scheduled to appear for a hearing on a motion for shock probation related to his Butler County charges. On November 13, he was booked into the Butler County Detention Center. On November 14, the Butler Circuit Court released Robinson from custody. Robinson was then returned to the Meade County Detention Center on November 14 and was released from the Meade County Detention Center on November 15, 2017, after the Daviess Circuit Court released him from custody on a separate matter in Daviess County.

      Each time officers booked Robinson into the Butler County Detention Center, he was asked a series of questions by the booking officer. Specifically, the booking officer asked on each occasion if Robinson was taking any prescription medication that would need to be continued and if he had a serious mental or medical health condition which would require attention while he was an inmate at that facility. Robinson answered "no" to the question regarding prescription medications for all three bookings. He answered "no" to the question regarding health conditions on the first two occasions. However, on November 13, 2017, Robinson indicated to the booking officer that he did have medical issues. Additionally, the booking officer indicated that Robinson appeared to be different: "Inmate does not appear to be the same as he was when he left here to go to Meade County Jail. His speech is different, and he seems somewhat confused." [DN 50-9 at 1]. The booking officer noted that Robinson indicated that he had been diagnosed with "MS" while at the Meade County Detention Center. [DN 50-9 at 1]. Jailer Tyree averred that while the officer did not believe that Robinson was experiencing a medical emergency that required immediate medical attention, the officer brought the matter to the attention of Nurse Doris Tyree

and Jailer Tyree. Jailer Tyree called the Meade County Detention Center and learned that there were already medical appointments scheduled for Robinson upon his return to that facility. Nurse Tyree did not order any other medical intervention or direct that Robinson be sent out for medical care on November 13. Jailer Tyree testified that it was believed that Robinson's medical needs were being adequately addressed at the Meade County Detention Center. [DN 44-2, Tyree Affidavit at ¶¶ 8-11; *see also* DN 50-9 at 2].

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## III. DISCUSSION

Defendants, Butler County and Jailer Tyree, filed this current motion for summary judgment arguing that summary judgment is warranted on Robinson's § 1983 deliberate indifference to medical care claim and state law claims of negligence and outrage. In his complaint, Robinson asserted that Butler County exhibited a continuing pattern, custom, or policy of willfully and deliberating ignoring the medical needs of inmates of the jail. (Complaint at ¶ 22). Robinson alleged that Jailer Tyree, in his individual capacity, "knowingly participated in, acquiesced in, contributed to, encouraged, implicitly authorized or approved the conduct." (*Id.* at ¶ 13). Robinson further claimed that constitutional violations resulted from the failure of Butler County and its supervisory officials " to employ qualified persons for positions of authority, and/or to properly or conscientiously train and supervise the conduct of such persons after their employment, and/or to promulgate appropriate operating policies and procedures either formally or by custom to protect the constitutional rights" of Robinson. (*Id.*)

### A. Section 1983 Claims

#### 1. Statute of Limitations

Defendants argue that Robinson's Fourth and/or Eighth Amendment deliberate indifference claims against both Butler County and Jailer Tyree related to his incarceration at the Butler County Detention Center from July 18, 2017, to October 11, 2017, must be dismissed because the claims are barred by the applicable one-year statute of limitations. In response, Robinson argues that he began experiencing substantial physical symptoms such as weakness, lethargy, visual dizziness, and prolonged headaches during his incarceration in Butler County. Robinson maintains that despite his medical requests for treatment, he received only eye drops on September 19, 2017. According to Robinson, he did not become aware of his condition of

myasthenia gravis officially until after he suffered a thyroid storm on November 15, 2017. The instant complaint was filed on November 13, 2018. As a result, Robinson argues that he has met the requirements of the applicable statute of limitations.

"Because § 1983 does not provide its own statute of limitations, federal courts 'borrow' the applicable limitations period from the state where the events occurred." *Hartley v. Reeder*, No. CIV.A. 5:13-166-DLB, 2015 WL 4167558, at *2 (E.D. Ky. July 9, 2015), aff'd (June 2, 2016) (citing *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)). Constitutional torts committed in Kentucky are subject to the one-year limitation period under KRS § 413.140(1)(a) for bringing general personal injury actions. *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 181–82 (6th Cir. 1990). "Federal law governs when the statute of limitations begins to run." *Hartley*, 2015 WL 4167558, at *2 (citing *Wilson v. Garcia*, 471 U.S. 261, 267 (1985); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)). "A cause of action accrues when 'the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred.'" *Hartley*, 2015 WL 4167558, at *2 (quoting *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)). "A plaintiff's cause of action under the Eighth Amendment for deliberate indifference to a serious medical need[] accrues when he is denied medical care, even if the full extent of the resulting injury is not known until later." *Olmstead v. Fentress Cty., TN*, No. 2:16-CV-00046, 2017 WL 4176256, at *3 (M.D. Tenn. Sept. 21, 2017) (citing *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009)).

Here, Robinson claims that he was denied timely and proper medical care while housed in the Butler County Detention Center from August of 2017 to October 11, 2017. Robinson argues that not until he was transferred to the Meade County Detention Center was he diagnosed as suffering from myasthenia gravis ("MG") by medical personal of both the Meade County

Detention Center and a local hospital. [DN 50 at 6]. Thus, Robinson either knew or should have known about the denial of medical care by Butler County Detention Center from September 19, 2017, when Nurse Tyree examined him and provided eye drops, through at the latest, October 11, 2017, when Robinson was transferred to the Meade County Detention Center. Robinson's cause of action accrued when he was allegedly denied the medical care, not when he was actually diagnosed with MG or suffered from a "thyroid storm." *See Hawkins v. Spitters*, 79 F. App'x 168 (6th Cir. 2003) (unpublished) (finding that inmate plaintiff's cause of action accrued when his request for treatment of conditions related to sleep apnea was denied, not when he was actually diagnosed with the condition); *Gray v. Dorning*, 202 F.3d 268 (6th Cir. 1999) (unpublished) (finding that the plaintiff's § 1983 cause of action for violation of the plaintiff's Eighth Amendment rights by inadequate medical care accrued when prison officials denied plaintiff his medication).

Moreover, contrary to Robinson's insinuation, the lapse of time of a month between the second and third incarceration at Butler County Detention Center does impact Robinson's claim. Once Robinson was transferred to the Meade County Detention Center, his cause of action for deliberate indifference against Butler County and Jailer Tyree accrued at the latest the date of his transfer. *See Hermansen v. Schickel*, 202 F.3d 268 (6th Cir. 1999) (unpublished) (finding that the § 1983 cause of action for inadequate medical care accrued at the time plaintiff was denied medical care for a broken bone, or at the latest when plaintiff was transferred to another jail); *Coffey v. Whitley Cty. Det. Ctr.*, No. CIV.A. 08-289-GFVT, 2010 WL 5653658, at *4 (E.D. Ky. Dec. 21, 2010), report and recommendation adopted, No. CIV. 08-289-GFVT, 2011 WL 289840 (E.D. Ky. Jan. 27, 2011) ("At the latest, therefore, his cause of action accrued on September 10, 2007, when he was finally transferred out of the Whitley County Detention Center without having received his

7

prescribed medication or other treatment for his back condition."). Any argument otherwise is contrary to the law. Thus, the statute of limitations bars Robinson's claims related to his second incarceration from July to October of 2017.

### 2. Deliberate Indifference: November 13, 2017, Incarceration

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dept. of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

"The Eighth Amendment's prohibition on cruel and unusual punishment generally provides the basis to assert a § 1983 claim of deliberate indifference to serious medical needs . . . ." *Winkler v. Madison County.*, 893 F.3d 877, 890 (6th Cir. 2018). An Eighth Amendment claim requires a plaintiff to prove two distinct components—one objective and one subjective. First, the alleged deprivation must be, objectively, "sufficiently serious," i.e., the "prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1970) (citation and internal quotation marks omitted). Second, the official must have been "deliberately indifferent" to the inmate's health or safety. *Id*.

To satisfy the objective component of an Eighth Amendment deliberate indifference claim, a plaintiff must show the existence of a sufficiently serious medical need. A sufficiently serious medical need "is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"

8

*Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th Cir. Dec. 7, 2004)). The subjective component of the Eighth Amendment standard is, "the [plaintiff] must demonstrate that the defendant possessed a sufficiently culpable state of mind in denying medical care." *Winkler*, 893 F.3d at 891 (quoting *Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009)). Under this standard, "the plaintiff must show that each defendant acted with a mental state 'equivalent to criminal recklessness.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. June 28, 2018) (quoting *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013)). "This showing requires proof that each defendant 'subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk' by failing to take reasonable measures to abate it." *Rhinehart*, 894 F.3d at 738 (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)); *see also Richmond v. Hug*, 885 F.3d 928, 939 (6th Cir. 2018).

Even assuming, arguendo, that the objective prong is satisfied by Robinson's assertion of an obvious medical need, Plaintiff has not presented evidence showing that the jail staff, including Jailer Tyree, were "subjectively aware of the risk or had a culpable state of mind in failing to obtain medical treatment for him." *Wilson v. Carroll Cty.*, No. CIV 12-68-GFVT, 2014 WL 897077, at *8 (E.D. Ky. Mar. 6, 2014); *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014)). With respect to Robinson's November 13 and 14, 2017, incarceration at the Butler County Detention Center, there has been absolutely no proof that any jail personnel ignored Robinson's need for medical care in the short period of time he was in custody at the detention center for purposes of the court proceedings.

For example, upon Robinson's admission into the detention center, the booking officer noted in the intake papers that Robinson's "speech is different," "he seems somewhat confused,"

9

and Robinson indicated that he had been diagnosed with "MS" while at the Meade County Detention Center. Robinson informed the booking officer that he had been seeing doctors and nurses at the Meade County Detention Center, had been receiving breathing treatments, and he had been informed by medical staff that he had MS. As a result of this information, the booking officer notified Nurse Doris Tyree and Jailer Tyree that Robinson did not appear to be the same as he was when he left the Butler County Detention Center in October of 2017 to go to the Meade County Detention Center. The booking officer also stated that if Robinson had to remain at the Butler County Detention Center beyond the court appearance, he should be referred to medical. [DN 50-9 at 1–2]. Jailer Tyree averred that while the booking officer did not believe that Robinson was experiencing a medical emergency that required immediate medical attention, the officer brought the matter to the attention of Nurse Doris Tyree and Jailer Tyree. Once notified, Jailer Tyree called the Meade County Detention Center and learned that there were already medical appointments scheduled for Robinson in Meade County upon his return to that facility. Jailer Tyree relayed this information to Nurse Tyree. [DN 50-9 at 2]. Jailer Tyree testified that he and the staff believed that Robinson's medical needs were being adequately addressed at the Meade County Detention Center. [DN 44-2, Tyree Affidavit at ¶¶ 8-11; *see also* DN 50-9 at 2]. The record further reflects that once Robinson returned from his court appearance on November 14, 2017, he was returned to the Meade County Detention Center. Thus, Robinson failed to establish that any employee of the Butler County Detention Center, including Jailer Tyree, were subjectively aware of facts from which an inference could be drawn that a substantial risk of serious harm existed absent immediate medical attention nor does the existing record support such an inference.

Thus, summary judgment is granted in favor of Jailer Tyree in his individual capacity, as well as any John and Jane Doe Defendants.

### 3. Butler County

Here, Robinson alleges that Butler County had a custom or policy of willfully and deliberating ignoring the medical needs of inmates of the jail. (Complaint at ¶ 22). However, the Sixth Circuit has held that a municipality cannot be liable unless the plaintiff establishes an underlying constitutional violation. *Griffith v. Franklin County, Ky.*, 975 F. 3d 554, 581 (6th Cir. 2020) (citing *Baker v. City of Trenton*, 936 F.3d 523, 535 (6th Cir. 2019)) ("[W]here there has been no showing of individual constitutional violations . . . there can be no municipal liability."); *Winkler*, 893 F.3d at 899–902; *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)). Because, as explained above, Robinson has failed to produce evidence upon which a jury could reasonably find that his constitutional rights were violated, Butler County is entitled to summary judgment as to Robinson's claims against it. *See*, *e.g.*, *Johnson v. Gibson*, No. 4:19-CV-P174-JHM, 2021 WL 886230, at *6–7 (W.D. Ky. Mar. 9, 2021).

Furthermore, even if Robinson had established a constitutional deprivation occurred, Robinson failed to produce evidence that Butler County had a custom, policy, or practice of deliberate indifference to serious medical needs of inmates at the jail. A municipality, like Butler County, cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). A plaintiff must "identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), overruled on other grounds, *Frantz v. Village*

*of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  Robinson did not respond to Butler County's argument related to municipal liability.

For these reasons, the Court grants summary judgment in favor of Butler County on the deliberate indifference claim.

**B. State Law Claims**

Having dismissed Robinson's federal claims, the Court declines to exercise supplemental jurisdiction over his state law claims.  28 U.S.C. § 1367(c)(3); *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well.").  Hence, Robinson's state law claims are dismissed without prejudice.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' motion for summary judgment [DN 44] is **GRANTED**.  The federal claims against Defendants are dismissed.  The state law claims are dismissed without prejudice.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: counsel of record

May 11, 2021